**Dale Ernest MANTHEY,**
**Plaintiff–Appellant,**

v.

**Nils KESSLER, Defendant–Appellee.**

No. 03–1434.

United States Court of Appeals,
Sixth Circuit.

Oct. 24, 2003.

Before: BOGGS, Chief Judge;
GIBBONS, Circuit Judge; and GWIN,
District Judge.*

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

Dale Ernest Manthey, a federal prisoner, appeals pro se a district court order dismissing a complaint he filed under the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Manthey filed a complaint against an Assistant United States Attorney, whom he alleged had presented false evidence at Manthey's bond hearing indicating that Manthey had possessed a gun during a drug transaction and had threatened a prosecutor, as well as exaggerating Manthey's and his son's criminal histories. As a result of this false information, Manthey claimed that he was denied pretrial release, and therefore was unable to prepare for his trial, at which he was convicted of drug charges but acquitted of gun possession.

The district court sua sponte dismissed the complaint for failure to state a claim, concluding that defendant was entitled to absolute immunity and the claim was barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). On appeal, Manthey argues that defendant was not immune when fabricating evidence, and that his claim is not barred by *Heck* because he was acquitted of the gun charge.

Upon review, we conclude that this complaint was properly dismissed for failure to

state a claim, as it was apparent from the face of the complaint that Manthey could prove no facts which would entitle him to relief. *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir.1993). The dismissal of the complaint will be affirmed for the reasons stated by the district court.

Prosecutors are entitled to absolute immunity for their actions in presenting the government's position during the judicial phase of a case, even where their acts include the use of false testimony. *Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Ireland v. Tunis,* 113 F.3d 1435, 1446–47 (6th Cir.1997); *Pusey v. City of Youngstown,* 11 F.3d 652, 658 (6th Cir.1993). Therefore, even accepting the allegations of Manthey's complaint, defendant would be immune from suit for monetary damages.

The district court also properly concluded that Manthey could not seek monetary damages in this case because it implies the invalidity of his conviction, which has not been overturned. *Heck,* 512 U.S. at 486–87. Manthey's argument to the contrary is not persuasive. He states in his brief that this doctrine is inapplicable because he was acquitted of the charge of possessing a weapon. However, in his complaint below, Manthey stated that the prosecutor's actions caused him to be unable to prepare for trial, thus implying that, absent his pretrial incarceration, he would have been acquitted of all the charges he faced. This is exactly the type of claim which is precluded under the holding of *Heck.*

Accordingly, the dismissal of this complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.